Mr. Justice Johnson
delivered the opinion ofthe court:
This being a joint and several note, there is no doubt that the plaintiff might, if he had thought proper to do so, have proceeded against the defendant alone, but it is objected that the plaintiff having elected to proceed against both, cannot in any event proceed against one. I admit that the general-rule in England is, that in actions in form ex contractu, when a plaintiff has elected to bring a joint action when he might have severed them, he mustprove his case against all, or he cannot recover, and the reason of the rule is, that a defendant, having notice of a joint demand cannot be supposed to come prepared to defend himself against one which is single. But a practice founded, I think, on principles calculated to promote the ends of justice, and so far as I am able to discover compatable with the general doctrine, has crept into our courts very long since of allowing the plaintiff to discontinue as to one of the parties, if he finds he cannot recover against him ; with the limitation, however, that it shall not be permitted to surprize or delay the defendant. ( Vide the case Dobbins vs. Helburn, decided at Spring Term, 1821, 3 vol. Mss. page 4.)
The objection to the present case appears to me to have arisen out of the error of supposing that Hays was a party "to this proceeding. He was never served with the process, and if the case had fallen within the general jurisdiction of the court, the declaration would have been against the defendant alone, and there is no doubt that he could not have .protected himself by a plea in abatement for the nonjoinder., and by parity of reasoning, he cannot in this case. The process answers the double purpose of original process and declaration. The present is, therefore, only a declaration against the defendant,
The motion is discharged.
Bauskett fy Dunlap, for the motion.
Caldwell, contra.
Justices Huger, Nott, Richardson and Gantt, concurred.